IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                            Case No. 23-cr-464-WJ

DAVID MICHAEL BAUER,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' UNOPPOSED MOTIONS TO ADMIT EVIDENCE OF DEFENDANT'S FLIGHT, *RES GESTAE* AND RULE 404(b) EVIDENCE, and EVIDENCE OF PRIOR CONVICTIONS

**THIS MATTER** is before the Court to resolve two motions in limine. First, the United States seeks to admit evidence of Defendant David Michael Bauer's flight (**Doc. 48**) to establish consciousness of guilt. Second, the United States intends to introduce evidence of Bauer's prior felony convictions "as direct evidence of knowledge of the crimes in the indictment **and** [his] status as an Armed Career Criminal." **Doc. 51 at 1**.[1] Bauer, through counsel, failed to file a Response. *See* **Doc. 42 at 2**; *see also* D.N.M.LR-Cr 47.8(a); Fed. R. Crim. P. 47. Having carefully considered the briefs and relevant law, and absent any opposition from defense, *see* D.N.M.LR-Cr 47.2, the Court **GRANTS** the United States' motions.

## BACKGROUND

On or about February 22, 2023, Bauer is alleged to have entered a Waffle House,

---

[1] The United States' motion seeks to admit "direct and *res gestae* evidence and evidence pursuant to Federal Rule of Evidence 404(b)." **Doc. 51**. Specifically, the United States moves for the admission of "evidence and testimony related to the defendant's prior felony convictions as 1) direct evidence of the *Rehaif* knowledge element and the defendant's status as an Armed Career Criminal, and 2) Fed. R. Evid. 404(b) evidence of knowledge, lack of mistake, and identity." *Id.* at 11.

discharged a handgun in the bathroom of the Waffle House, and then robbed the Waffle House. *See* **Docs. 2 & 51**. It is further alleged that Bauer fled the Waffle House and ran on foot to a nearby Best Western hotel. At some point thereafter, it is alleged that Bauer attempted to carjack two City Waste employees at gunpoint. *Id.* Law enforcement found a knife and handgun in the vicinity of the area where Bauer was detained. *See* **Doc. 51 at 2**.

As a result of these actions, by Grand Jury Indictment, the United States charged David Michael Bauer with: (1) interference with commerce by robbery, in violation of 18 U.S.C. § 1951; (2) using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); (3) attempted carjacking, in violation of 18 U.S.C. § 2119; and (4) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. . *See* **Doc. 2**.

The Indictment also contains a "sentencing allegation"[2] for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). *See* ***id.*** **at 3**. This "different occasions" inquiry is—as of June 2024—a question of fact for the jury to decide. *Compare Wooden v. United States*, 595 U.S. 360, 365 n.3 (2022) (declining to address the issue), *with Erlinger v. United States*, 602 U.S. 821, 833–36 (2024) (recognizing [the defendant] was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt.").

**APPLICABLE LAW**

**I. Consciousness of Guilt**

The first motion deals with consciousness of guilt (**Doc. 48**). The Court begins with a summary of on-point Tenth Circuit caselaw. Admission of consciousness of guilt evidence—as

---

[2] The allegation reads as follows: "Before the defendant, **DAVID MICHAEL BAUER**, committed the offense charged in Court 4 of this Indictment, the defendant was convicted of the crimes alleged in that count, which were all committed on occasions different from one another." **Doc. 2 at 3**; *see also* 18 U.S.C. § 924(e)(1).

well as the concomitant jury instruction—is routinely affirmed. *See, e.g., Kreuter v. United States*, 376 F.2d 654, 657 n.2 (10th Cir. 1967); *United States v. Martinez*, 681 F.2d 1248, 1255–57 (10th Cir. 1982) (per curiam); *United States v. Lepanto*, 817 F.2d 1463, 1467 (10th Cir. 1987); *United States v. Akers*, 215 F.3d 1089, 1103 (10th Cir. 2000); *United States v. Brown*, 190 F. App'x 704, 710 (10th Cir. 2006) (unpublished); *United States v. Hicks*, 116 F.4th 1109 (10th Cir. 2024). At its core, circuit precedent establishes that flight is viewed as an admission (by conduct) and carries a presumption of admissibility.

More specifically, "evidence of attempted flight after an alleged crime is relevant." *United States v. Morones*, 530 F. App'x 685, 689 (10th Cir. 2013) (Johnson, J.) (citing *Martinez*, 681 F.2d at 1258–59).

## II. *Res Gestae* and Rule 404(b)

Next, the Court lays out the standards for *res gestae* evidence and Rule 404(b).

Intrinsic evidence is "essential to the context of the crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011). This evidence is "also known as *res gestae*." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022). Sometimes courts even describe this evidence as "part and parcel of the proof of the offense." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). Intrinsic evidence is not subject to Rule 404(b), so long as the evidence is "inextricably intertwined," "part of a single criminal episode," or "were necessary preliminaries to the crime charged." *Irving*, 665 F.3d at 1212. No matter the name,[3] evidence that cannot be separated from the crime charged is admissible. *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (explaining *res gestae* evidence is that which is "inextricably connected" or "could not be separated

---

[3] United States District Judge Robert Brack noted that the terminology varies—from "intrinsic evidence," to "part and parcel evidence," or "*res gestae*." *See United States v. Lujan*, No. 05-cr-924, 2011 U.S. Dist. LEXIS 164186, at *13–28 (D.N.M. May 11, 2011).

from the charged crimes").

Even so, *res gestae* evidence is still subject to Rule 403's balancing test—meaning that it may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Thus "unfairly prejudicial" standard is a high bar because evidence favorable to the prosecution is always prejudicial to a criminal defendant. *See United States v. Murry*, 31 F.4th 1274, 1291 (10th Cir. 2022) ("Our cases favor admission of relevant evidence not otherwise prohibited."). In this vein, "damning evidence" should not be excluded. *United States v. Montoya*, 527 F. App'x 716, 721 (10th Cir. 2013) (unpublished). Rather, the exclusion of relevant evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Otuonye*, 995 F.3d 1191, 1206 (10th Cir. 2021).

If the noticed evidence is not admitted as *res gestae*, the United States requests it be admitted under Rule 404(b). **Doc. 51 at 1 & 11**. Subject to the contours of Fed. R. Evid. 404(b)(1), other acts evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, the evidence must (1) be offered for a proper purpose, (2) be relevant, (3) have a probative value that is not substantially outweighed by potential for unfair prejudice, and (4) upon request, be subject to an appropriate limiting instruction. *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014). The United States argues that Bauer's convictions are admissible under Rule 404(b) to prove his motive, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. *See* **Doc. 51 at 9–11**.

## III. Direct Evidence Under *Old Chief*, *Rehaif*, and ACCA

In a prosecution for felon-in-possession, *see* 18 U.S.C. § 922(g)(1), the United States must prove: (1) the Defendant knowingly possessed a firearm; (2) the Defendant was previously

convicted of a felony; (3) the Defendant knew he was a convicted felon when he possessed the firearm; and (4) that the possession was in or affecting interstate or foreign commerce. *See Rehaif v. United States*, 588 U.S. 225, 237 (2019); *see also United States v. Benton*, 988 F.3d 1231 (10th Cir. 2021) ("[T]he government need not prove a defendant knew his status under § 922(g) prohibited him from possessing a firearm."); *cf.* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.44 (2021 ed., last updated July 14, 2023).

"What typically happens in a felon-in-possession case is that a defendant will formally admit his prior felony convictions in an *Old Chief* stipulation, which relieves the government of its burden of proving them." *United States v. Richardson*, 92 F.4th 728, 733 (8th Cir. 2024) (Stras, J.). And—assuming the defendant stipulates—"there should typically be no need to indicate that he may have sustained more than one prior conviction." *United States v. Green*, 873 F.3d 846, 855 (11th Cir. 2017).

In such cases, the United States cannot refuse to accept a stipulation (but, of course, a defendant can refuse to stipulate). In the case of *Old Chief v. United States*, 519 U.S. 172 (1997), for example, the Supreme Court determined allowing the prosecution to admit evidence about a Defendant's prior convictions when a Defendant is willing to stipulate is unduly prejudicial. *Id.* at 190–91; *see also United States v. Herrera*, 51 F.4th 1226, 1256 (10th Cir. 2022) (stating *Old Chief* applies "only when . . . a defendant offers to stipulate" to being a felon); *United States v. Silva*, 889 F.3d 704, 712–13 (10th Cir. 2018). Usually, then, the "nature and underlying circumstances" of a Defendant's convictions are immaterial. *United States v. Wacker*, 72 F.3d 1453, 1472 (10th Cir. 1995); *United States v. Prieto*, 565 F. App'x 758, 763 (10th Cir. 2014) (precluding "the nature and substance of the felony").

But when a Defendant refuses to stipulate that he is a felon (or knew his status), the calculus

changes. Because Bauer refuses to stipulate to his underlying convictions, the United States is entitled to prove its case as it chooses. *Old Chief*, 519 U.S. at 186; *see also United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (explaining a stipulation "thereby shield[s] the jury from the prejudicial details of [the Defendant's] prior activities"). Absent a stipulation, the United States can admit information about his felony convictions. *See United States v. Bagby*, 696 F.3d 1074, 1084 (10th Cir. 2012) (refusing to stipulate required the Government to prove up the Defendant's felon status). No doubt, this is a delicate balance and Bauer's convictions should not be "parade[d]" or exploited in an unduly prejudicial fashion. *Id.* (quoting *United States v. Dean*, 76 F.3d 329, 335 (10th Cir. 1996)).

In this respect, the Tenth Circuit has shown a preference for the "use of a redacted record, stipulation, affidavit, or other similar technique"—if possible. *Wacker*, 72 F.3d at 1472. However, *Wacker* was decided before *Old Chief* and no published, precedential case has cited *Wacker*'s requirement since *Old Chief* was decided. Adding another level of nuance is the fact both of these cases were decided before: (1) *Rehaif*—which requires proof of status, and (2) *Erlinger*—which requires the United States to prove the "different occasions" ACCA enhancement during the jury trial instead of at sentencing.[4]

## DISCUSSION

### I. Consciousness of Guilt

The United States intends to use evidence of Bauer's flight from the Waffle House on February 22, 2023, to show "consciousness of guilt and as being inextricably intertwined with the

---

[4] As far as this Court can tell, no court has yet addressed the interplay between *Old Chief*, *Rehaif*, and *Erlinger*. This is not terribly surprising given that the *Erlinger* opinion wasn't handed down until June 21, 2024. Nevertheless, this means there are zero opinions explaining how other courts have handled the admission of convictions for a Defendant that is unwilling to stipulate to the knowledge prongs of § 922(g)(1) and the ACCA enhancement aspect of § 924(e).

events of the defendant's escape and apprehension." **Doc. 48 at 2**. As posited by the United States, "After retrieving the money . . . the defendant fled the Waffle House by running on foot towards the Best Western hotel . . . . [and] attempted to carjack two City Waste employees at gunpoint in the rear parking lot of the Best Western hotel." **Doc. 48 at 2**. The United States intends to use this evidence of Bauer's flight "to show consciousness of guilt and as being inextricably intertwined with the events of the defendant's escape and apprehension." ***Id.***

Counts 1 and 2 deal with the Waffle House robbery. The identity of this robber is important—and evidence suggests the same person fled to the Best Western and attempted a carjacking (Count 3). As proffered by the United States, the City Waste employees "detained the [carjacking] suspect." **Doc. 48 at 2**.

"Traditionally flight has been viewed as an admission by conduct which expresses consciousness of guilt." *Hicks*, 116 F.4th at 1117. Therefore, "flight evidence carries with it a strong presumption of admissibility." *Martinez*, 681 F.2d at 1256.

Given the above facts, Bauer's act of fleeing the Waffle House and running toward the Best Western hotel[5] are admissible to show his consciousness of guilt. *See Morones*, 530 F. App'x at 689; *Martinez*, 681 F.2d at 1258–59. All this to say, guilt is a permissible inference from Bauer's flight. *See Lepanto*, 817 F.2d at 1467; *see also Akers*, 215 F.3d at 1103.

## II. *Res Gestae* and Rule 404(b)

### A. *Intrinsic evidence*

---

[5] The Court notes that the discarding of the handgun used during the robbery may be admissible under the same theory. According to the United States, a handgun was found "behind the trash bin at the Best Western hotel." **Doc. 48 at 2**. Such an attempt to "cover up the commission of a crime" also "implies consciousness of guilt." *United States v. Porter*, 745 F.3d 1035, 1054 (10th Cir. 2014) (citation omitted); *see also United States v. Clark*, 45 F.3d 1247, 1250–51 (8th Cir. 1995); *United States v. Hart*, 273 F.3d 363, 373–74 (3d Cir. 2001). Of course, such testimony need not be couched as consciousness of guilt evidence—because law enforcement can simply testify about the scene and evidence collection. Nevertheless, the Court wanted to highlight this point in case it implicates jury instructions. *See infra* ¶ IV.

According to the United States, Bauer's felony convictions are "admissible as direct evidence and *res gestae* of the knowledge element." **Doc. 51 at 7**. Not only are Bauer's underlying convictions probative, but they are also necessary evidence to prove Count 4. At a minimum, the United States must prove that Bauer ***knew*** he was a convicted felon. *See Rehaif*, 588 U.S. at 237; Tenth Circuit Pattern Jury Instructions (Criminal) § 2.44. But to prove the ACCA sentencing allegation (**Doc. 2 at 3**), the United States must also prove these predicate offenses occurred on different occasions.

After weighing the evidence and giving it "its maximum reasonable probative force and its minimum reasonable prejudicial value," it becomes quite clear this evidence must be admitted. *Murry*, 31 F.4th at 1291. Excluding the evidence would prohibit the United States from proving its case and carrying its burden. These convictions are necessary facts inextricably intertwined with Bauer's alleged possession of the firearm. As such, "evidence of the defendant's felony convictions is admissible." **Doc. 51 at 8**.

### B. Rule 404(b)

Alternatively, the United States explains this evidence could be admitted under Rule 404(b). That is also true. Evidence concerning Bauer's knowledge, possession, or use of the firearm and ammunition, as well as his status as a convicted felon, is relevant and conditionally admissible under Rule 404(b) for a proper purpose. In particular, such testimony—if offered to prove knowledge—is admissible. *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (explaining a Defendant possessed a firearm on other occasions is admissible to show knowledge and intent); *United States v. McGlothin*, 705 F.3d 1254, 1265 (10th Cir. 2013) (explaining possession of a firearm on a different occasion is not 404(b) evidence). That's because felon in possession cases are imputed with a Defendant's mental state.

The United States is required to prove Bauer's knowledge in two of the elements. *See* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.44. And, as discussed above, Rule 404(b) permits the United States to prove knowledge by other acts. *See United States v. Huddleston*, 485 U.S. 681, 691–92 (1998) (outlining the four prongs for admitting Rule 404(b) evidence).

Additionally, the scope—and number—of Bauer's prior violent felonies or serious drug offenses are relevant to the sentencing allegation in Count 4. *See* **Doc. 2 at 3**; **Doc. 51 at 7**. Bauer's possession of the firearm is tied to his: motive and intent (robbing the Waffle House), knowledge (that is: (1) the firearm was real and loaded, and (2) he was prohibited[6] from possessing the firearm), and identity (as shown in the bodycam video and seen by witnesses). Any prejudicial value of the evidence is substantially mitigated by the fact it is "a drop in the fairly large bucket of evidence." *United States v. Vargas*, 552 F.3d 550, 557 (7th Cir. 2008). In this case, there is no disputing that evidence of Bauer's prior felonies is relevant to Count 4.

These prior convictions are admissible under Rule 404(b) as proof of Bauer's knowledge, identity, absence of mistake, or lack accident. *See* **Doc. 51 at 9 & 11**.

## III. Direct Evidence Under *Old Chief*, *Rehaif*, and ACCA

Bauer could stipulate to having "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e). But he hasn't and that's his right. The United States, however, has the burden of proof.

In this case, then, the use of a redacted record is not possible. The United States must submit evidence to the jury beyond simply that Bauer has a singular innocuous felony conviction.

---

[6] "If a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing one forgets.'" *Greer v. United States*, 593 U.S. 503, 508 (2021) (quoting *United States v. Gary*, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)).

The United States needs to admit his prior convictions to prove (1) the substantive § 922(g)(1) offense, and (2) the ACCA enhancement—that is, Bauer committed three violent felonies or serious drug offenses on separate occasions.

There are no Tenth Circuit cases discussing the interplay of *Old Chief*, *Rehaif*, and *Erlinger* when a Defendant refuses to stipulate. *See supra* n.5. In a previous case, though, this Court ruled on a similar issue (albeit without the ACCA enhancement under *Erlinger*). Back then, this Court stated the following:

> "[K]nowledge" is a legitimate justification for proving an "issue other than status" [and] . . . a Defendant cannot "use an *Old Chief* stipulation offensively to prohibit the Government from introducing evidence of knowledge and thus hinder the Government's ability to present its case." . . . [T]he Court finds that the Government is entitled to introduce "the facts" of the convictions to prove [Defendant's] felon status and knowledge of felon status. Put another way, the "facts" that the United States can elicit in proving the case are the name and nature of the offense, the identity of the person who committed the offense, the date of the offense, and the length of the sentence. And, in so doing, the Government is free to admit the certified, self-authenticating Judgments.

*United States v. Lacey*, __ F. Supp. 3d __, 2024 U.S. Dist. LEXIS 51860, at *6–8 (D.N.M. Mar. 22, 2024) (citations omitted). The Court reaches the same conclusion here. It is "imprudent to hamstring the Government" simply because Bauer refuses to stipulate. *United States v. Clark*, 32 F.4th 1080, 1091 (11th Cir. 2022). Because Bauer has not stipulated to these facts, the United States may admit evidence about the "what," "who," and "when" of his prior convictions. *See United States v. Richardson*, 40 F.4th 858, 865–66 (8th Cir. 2022); *Richardson*, 92 F.4th at 733.

## IV. Jury Instruction Implications

The Tenth Circuit does not have—nor does any other circuit have—a *res gestae* instruction. Because the Court holds the evidence is admissible as inextricably intertwined *res gestae*, the undersigned is inclined to conclude no jury instruction is required. At the same time, the Court determined (in the alternative) that Bauer's prior convictions are admissible under Rule 404(b).

Because the evidence at trial will not be flagged as *res gestae* or 404(b), it seems that some sort of jury instruction is likely appropriate. *See* Tenth Circuit Pattern Jury Instructions (Criminal) § 1.30. The tension, then, is how to modify an instruction to let the jury know the evidence *can be considered* as substantive evidence in addition to Rule 404(b) evidence for a limited purpose. The Court would appreciate the parties weighing in on the matter.

Given the Court's consciousness of guilt ruling, the Court feels compelled to provide a jury instruction on that as well. The Court suggests the following:

> Evidence that the Defendant fled is a circumstance that, if proven beyond a reasonable doubt, can be considered as showing a consciousness of guilt. In your evaluation of this evidence, you may consider that there may be other reasons— fully consistent with innocence—that would cause a person to flee. As fact finders, you are the sole judges of whether the Defendant's fleeing causes you to find a consciousness of guilt and the significance, if any, of that consciousness of guilt.

*See* Jury Instructions at 16, *United States v. Hicks*, No. 21-cr-379 (E.D. Okla. Feb. 17, 2022) *aff'd Hicks*, 116 F.4th at 1116–17.

Consistent with the deadline in the scheduling order, no later than December 23, 2024 (**Doc. 42**), the parties must file their proposed jury instructions. These proposed instructions should notate the inclusion or exclusion of any *res gestae*, 404(b), or consciousness of guilt instruction. The Court will, of course, entertain written objections to the instructions and allow the parties make an oral record at the pretrial conference (and at trial).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States' motion in limine to admit evidence of Bauer's flight (**Doc. 48**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States' motion in limine to admit evidence of Bauer's felony convictions as direct, intrinsic, and/or Rule 404(b) evidence (**Doc. 51**) is also **GRANTED**.

**IT IS SO ORDERED**.

/s/ _____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE