IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

vs.                                                                                                Criminal No. 23-464-WJ

**DAVID MICHAEL BAUER**,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART THE UNITED STATES' MOTION
TO PREADMIT VIDEO RECORDING**

**THIS MATTER** is before the Court on the United States' Motion to preadmit a video recording (**Doc. 49**). Defendant David Michael Bauer, through counsel, failed to file a Response.[1] *See* **Doc. 42 at 2**; D.N.M.LR-Cr 47.8(a); Fed. R. Crim. P. 47. Having reviewed the United States' filings[2] and considered the applicable law, the Court finds the video recording is admissible—subject to the one caveat below—and, therefore, **GRANTS** the motion, **in part**.

---

[1] According to the United States' motion, conferral with defense counsel took place on November 6, 2024, per D.N.M.LR-Cr. 47.1. *See* **Doc. 49 at 1 n.1**. Defense counsel advised "I will review and get back to you." *Id.* As of the date of filing—November 15, 2024—defense counsel had not formally taken a position on whether the motion was opposed or unopposed. *Id.* As such, the United States "presumed" opposition. *Id.*

    Based on defense counsel's failure to respond, the Court construes the motion as unopposed. *See* D.N.M.LR-Cr. 47.1, 47.2, 47.8(a), and 49.1(c)(3). To be clear, though, the Court does not intend any criticism of defense counsel for not responding (as the Court has no idea what defense counsel could have argued in light of Bauer's verbal tirade confessing to everything).

[2] The Court reviewed the lodged video recording (**Doc. 50**) filed by the United States. The CD contained two videos—(1) the first video is approximately one hour and fourteen minutes long and (2) the other video is approximately thirty-five minutes long (and consists of the first thirty-five minutes of the longer video). This is consistent with the United States' desire to admit only "the first 35 minutes of the video recording" which "contains statements made by the defendant that are relevant as evidence at trial." **Doc. 49 at 1 n.1**. Consistent with the United States' motion, the Court also refers to this video as "Gov. Ex. 1." *See id.*

1

**BACKGROUND**

Bauer is alleged to have robbed a Waffle House, discharged a firearm, fled to a nearby Best Western hotel, and attempted to carjack City Waste employees at gunpoint. *See* **Docs. 2 & 49**. The City Waste employees "detained the suspect." **Doc. 49 at 2**. Shortly thereafter, Albuquerque Police Department ("APD") arrived on scene and "took custody of the suspect" who was identified as Bauer. *Id.* Early on, APD placed Bauer in handcuffs. *See* **Gov. Ex. 1 at 3:30–4:10**.

\* \* \*

Bauer made numerous incriminating statements to APD—which is why the United States wants to admit the recording. *See* **Doc. 49 at 3**. Below are the specific statements[3] the United States highlights in the briefing:

- "I did it."

- "Right now, I understand my rights. I'm telling you that I did that."

- "I was—just got desperate, man . . . you know?"

- "The gun went off in the bathroom."

- "I'm giving you the case. I'm telling you what I did."

- "I'm confessing . . . ."

- "I did that. I robbed . . . I tried to rob Waffle House."

- "Listen, right now: David Bauer tried to rob Waffle House after the gun went off accidentally in the bathroom; that's how it happened. Bauer. B-A-U-E-R."

- "I tried to rob Waffle House."

- "The freakin' gun went off in the bathroom. How many people's guns would go off in the bathroom? It was me!"

---

[3] *See* **Doc. 49 at 3–4** (citing **Gov. Ex. 1**).

2

- "Why would I lie now? I'm giving you the goddamn robbery. I'll give you all the shit."

- "I'm confessing to these crimes."

- "I just gave you guys everything you could possibly get from somebody that's got all the felony convictions you can think of. I'm going away; I know this—there's no doubt. This ain't my first freakin' rodeo."

- "I've given you the fucking case, making it as easy as I possibly can, and you're still acting like stupid assholes."

- "I was released from federal prison on compassionate release by, of all people, Judge Johnson, Chief District Judge."

- "I get busted with a firearm, I go back to prison. And just so happened that the freakin' thing went off in the bathroom when I was unloading it. That's what happened, okay? I panicked."

- "I'm telling you I went to Denny's, I used the bathroom, the goddamn gun went off, and I panicked and went in there."

- ". . . . and then, running through these apartments, I saw the trash truck, jumped up on the floorboard, and told her to point the gun at the dude; told him to get out. She unloaded the gun, alright? The dude fought back . . . . alright? That's it. I'm too weak to fight. That's how that went."

- "I threw it on the ground."[4]

- "I gave you . . . all . . . all the case. I'm being 100 percent honest with you, and you're still torturing me . . . ."

---

[4] The "it" Bauer is referencing here is the money from the robbery. *See* **Doc. 49 at 4**; **Gov. Ex. 1 at 28:31**.

3

Of note, Bauer made some of these statements spontaneously before he was read his *Miranda* warnings. The remainder were made after his rights[5] advisal.

## ISSUE

The United States' motion focuses on the video's admissibility under the Federal Rules of Evidence—namely Rules 401, 402, 403, and 801. The Court makes quick work of this Rules-based issue and concludes that Bauer's statements are relevant, probative, and admissible.

The constitutional admissibility was skirted over, though. Because of this, the Court endeavors to make clear: (1) when Bauer was Mirandized, (2) whether Bauer's statements were spontaneous or the result of interrogation, and (3) whether Bauer's will was overborne.

Ultimately, the Court finds the video, **Gov. Ex. 1**, is admissible—and, therefore, **GRANTS in part** the United States' motion to preadmit the recording.

## DISCUSSION

### I. Bauer is an "Opposing Party," So His Statements Are Admissible

Statements of a party opponent are excluded from the definition of hearsay under Rule 801. *See, e.g.*, *Janny v. Gamez*, 8 F.4th 883, 900 (10th Cir. 2021) ("[S]tatements of a party opponent are excluded from being hearsay."); *United States v. Smalls*, 752 F.3d 1227, 1241 (10th Cir. 2014) ("[S]uch statements are not hearsay because they are statements of a party opponent."); *United*

---

[5] An APD officer read Bauer his *Miranda* rights, stating the following:
> You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have him or her present with you while being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish. You can decide at any time to exercise these rights and not answer any questions or make any statements. Do you understand the rights that I have read to you?

**Gov. Ex. 1 at 17:15–17:51**. Bauer then responded, "Yes." *Id.* **at 17:52**. The officer asked, "Having these rights in mind, do you wish to talk to me today?" *id.* **at 17:54–55**, to which Bauer stated "Sure." *Id.* **at 17:56**.
　　Also, for what it's worth, the Court notes that before being Mirandized Bauer started to recite the *Miranda* warnings himself, stating: "I have the right to remain silent . . . ." *Id.* **at 17:16–17:24**.

4

*States v. Collins*, 575 F.3d 1069, 1073 (10th Cir. 2009) ("[A] party's own out of court statements offered against that party are not hearsay."). As such, Bauer's statements are not hearsay and are admissible under Rule 801.

No doubt, Bauer's statements are relevant and probative. In the recording, Bauer admits to: (1) robbing Waffle House, (2) possessing a firearm, (3) discharging a firearm, (4) and attempting to carjack the trash truck. *See* **Gov. Ex. 1**. The Court agrees with the United States— exclusion under Rule 403 is inappropriate here. That's because exclusion of relevant evidence under Rule 403 is an extraordinary remedy that should be used sparingly. *United States v. Otuonye*, 995 F.3d 1191, 1206 (10th Cir. 2021). Here, nothing in the video will adversely affect the jury's attitude towards Bauer for an improper reason. *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001). Instead, this video goes directly to the jury's judgment of Bauer's guilt or innocence without inflaming their passions. *See United States v. Reynoso*, 861 F. App'x 204, 209 (10th Cir. 2021) (unpublished) (citing *Tan*, 254 F.3d at 1211–12).

### A. Bauer's words

A party opponent's own statements are admissible against him. *See United States v. Busch*, 758 F.2d 1394, 1397 (10th Cir. 1985). Here, the United States presented sufficient evidence for the Court to conclude Bauer made the statements contained in the video recording. *See* **Gov. Ex. 1** (identifying himself as David Bauer). That means that Bauer "cannot himself successfully complain about the use of statements which he made." *Busch*, 758 F.2d at 1397 (cleaned up).

### B. APD's words

What about the rest of the video? Are the statements by APD personnel admissible? The Court reasons they are for two reasons.

First, the Rule Against Hearsay does not exclude statements if they are "not offered to prove the truth of the matter asserted." 2 MCCORMICK ON EVIDENCE § 246 (8th ed. 2020). The statements by APD are not hearsay because they are being offered to show their effect on Bauer—the other person in the conversation. *See United States v. Murry*, 31 F.4th 1274, 1291–92 (10th Cir. 2022). "Provid[ing] context" is a legitimate basis for admission. *See United States v. Smalls*, 605 F.3d 765, 785 n.18 (10th Cir. 2010). All that matters is: (1) something was said, and (2) Bauer responded.

Second, the Rule does not preclude the use of out-of-court statements if they are not assertive. *See* Fed. R. Evid. 801(a). Demands, requests, orders, and questions generally are not hearsay. *See United States v. Cesareo-Ayala*, 576 F.3d 1120, 1128–29 (10th Cir. 2009) (finding questions assert nothing so they are not hearsay); *United States v. Summers*, 414 F.3d 1287, 1299–1300 (10th Cir. 2005) (questions and inquiries are not hearsay because they do not assert anything); *United States v. Jackson*, 88 F.3d 845, 847–48 (10th Cir. 1996) (explaining that the question, "Is this Kenny?" cannot reasonably be construed as an assertion); *United States v. Twitty*, 689 F. App'x 890, 894–95 (10th Cir. 2017) (unpublished) (explaining orders are not hearsay because they are not offered for their truth). Thus, any questions from APD are not hearsay.

### C. City waste individual's statements

The video recording contains several minutes of on-scene questioning of the City Waste employee. *See* **Gov. Ex. 1 at 8:30–12:00**. This portion of the video is inadmissible as hearsay. For one, the United States did not brief any argument about why this aspect of the video is admissible. No non-hearsay purpose has been briefed by the United States. Additionally, the Court fails to see how the City Waste employee's statements could fit into an exception under Rule 803 or 807. These statements are offered to prove the truth of the matter—that is, to prove Count 3 of the

Indictment. *See* **Doc. 2 at 2** (charging carjacking of "a blue 2017 City of Albuquerque Solid Waste Truck"). Plus, playing the video recording in lieu of trial testimony would violate Bauer's Sixth Amendment confrontation rights.

For these reasons, the Court denies the United States' request to preadmit the full video. Specifically, the Court concludes that **Gov. Ex. 1 at 8:30–12:00** is inadmissible hearsay.

## II. Bauer's Statements Were Voluntary

Bauer's pre-*Miranda* statements—*viz.*, those statements in **Gov. Ex. 1** prior to the seventeen-minute mark—are voluntary and admissible because they were not elicited in response to a custodial interrogation.[6] *See Pennsylvania v. Muniz*, 496 U.S. 582, 603 (1990). All of Bauer's initial statements are admissible because they were simply "blurt[ed] out." *United States v. Wallace*, 753 F.3d 671, 674 (7th Cir. 2014) (Posner, J.); *United States v. McCarty*, 475 F.3d 39, 45 (1st Cir. 2007); *United States v. Gossett*, 600 F. App'x 330, 335 (6th Cir. 2015) (unpublished); *United States v. Madden*, 220 F. App'x 290, 292 (5th Cir. 2007) (per curiam and unpublished). Because Bauer was not subjected to both *Miranda* prerequisites—*i.e.*, custody and interrogation—*Miranda* warnings were not required. *Cf. United States v. Sanchez-Gallegos*, 412 F. App'x 58 (10th Cir. 2011) (per curiam and unpublished); *see also id.* at 62 (Holmes, J., concurring) (citing *United States v. Perdue*, 8 F.3d 1455, 1463 (10th Cir. 1993) ("[T]wo requirements must be met before *Miranda* is applicable; the suspect must be in 'custody,' and the questioning must meet the legal definition of 'interrogation.'")). His pre-warning statements are, therefore, admissible.

To the extent APD asked Bauer about any weapons, *see* **Gov. Ex. 1 at 6:00**, this is fine. The "need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-

---

[6] Because the Court determines there was no interrogation, it is unnecessary to decide whether Bauer was in custody at the time he made the statement.

incrimination." *United States v. Mikolon*, 719 F.3d 1184, 1187 (10th Cir. 2013) (quoting *New York v. Quarles*, 467 U.S. 649, 657 (1984)); *see also United States v. Lackey*, 334 F.3d 1224, 1227–28 (10th Cir. 2003); *United States v. DeJear*, 552 F.3d 1196, 1201–02 (10th Cir. 2009). To hold otherwise would mean "a right enshrined in the words of the Constitution [would be] lost in the reality of the street." *United States v. Lester*, 98 F.4th 768, 785 (6th Cir. 2024) (White, J., concurring) (quoting *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991)).

The same is true of APD's questions regarding Bauer's injuries. *See Smith v. Chapdelaine*, 774 F. App'x 468, 473 (10th Cir. 2019) (unpublished). APD's questions about Bauer's injury do not implicate *Miranda*. *See United States v. Scalf*, 725 F.2d 1272, 1276 (10th Cir. 1984). Again, that's because interrogation extends "*only* to words . . . that the officers should have known were reasonably likely to elicit an incriminating response." *United States v. Cash*, 733 F.3d 1264, 1277 (10th Cir. 2013) (emphasis in original).

\* \* \*

After Bauer was advised of his *Miranda* warnings, he continued talking. *See* **Gov. Ex. 1 at 17:00–35:00**. Given the propriety of the rights advisal, Bauer's post-warning admissions are also admissible. The only line of attack on Bauer's statements, then, is whether his will was overborne—making his admission involuntary. *See United States v. Fountain*, 776 F.2d 878, 885 (10th Cir. 1985). For the reasons that follow, the Court concludes Bauer's admissions made during the custodial interrogation are admissible.

Whether a statement is voluntary is a multi-factored inquiry. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also United States v. Glover*, 104 F.3d 1571, 1579 (10th Cir. 1997). Those factors include: (1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant

was advised of his constitutional rights; and (5) whether the defendant was subjected to physical punishment. *Id.* Thus, the "details of the interrogation" warrant some discussion. *United States v. Toles*, 297 F.3d 959, 966 (10th Cir. 2002).

In February 2023, Bauer was a sixty-six-year-old man. *See* **Docs. 2 & 12**. He holds a general education diploma (*i.e.*, "GED") and has taken some college-level classes—indicating he possesses at least average intelligence. *See* **Doc. 12 at 2**. This factor does not suggest any "unusual[] susceptib[ility] to coercion." *United States v. Ravenell*, 810 F. App'x 625, 629 (10th Cir. 2020) (unpublished). Plus, Bauer had been arrested and given *Miranda* warnings on earlier occasions, "indicating that he had previous experience with the criminal justice system." *Toles*, 297 F.3d at 966; *see also supra* n.5.

Bauer's detention lasted approximately a half-hour—which is, by Circuit precedent, considered "short." *United States v. Lamy*, 521 F.3d 1257, 1262 (10th Cir. 2008) (explaining that an interview lasting less than an hour is "short").

The length of the questioning was not unusually long or intense. In the nearly twenty-minute interrogation post-*Miranda*, APD did not yell at or threaten Bauer. He was handcuffed, though. But the statements of a handcuffed arrestee can be voluntary. *United States v. Ray*, 799 F. App'x 599, 603 (10th Cir. 2020). "[C]ustody alone has never been enough in itself to demonstrate a coerced confession." *United States v. Watson*, 423 U.S. 411, 424 (1976). Custody here does not warrant a finding of coercion.

Fourth, the Court notes that Bauer was Mirandized. *See* **Gov. Ex. 1 at 17:00**. Up until that point, APD asked Bauer no questions. Instead, Bauer spontaneously volunteered numerous inculpatory statements. *See id.* **at 4:42, 4:44, 5:22, 5:26, 12:59, 14:16, 16:05, 16:10, 16:40, 16:45**. Statements that are "volunteered," "spontaneous," and "not brought about by the prompting of law

9

enforcement" are admissible. *See United States v. De La Luz Gallegos*, 738 F.2d 378, 381 (10th Cir. 1984); *see also United States v. Tafoya*, 459 F.2d 424, 427 (10th Cir. 1972) ("[*Miranda*] warnings . . . do not apply because the admission at the scene was obviously not the product of interrogation but was simply a spontaneous utterance volunteered by the defendant."). After being Mirandized, Bauer continued to talk to APD. There is no doubt that Bauer was aware of both the nature of the right being abandoned and the consequences of abandoning it. *United States v. Morris*, 287 F.3d 985, 988 (10th Cir. 2002). Because the Court concludes Bauer was properly and adequately given his *Miranda* warnings, his statements made post-advisement are also admissible.[7]

Finally, the Court concludes Bauer was not subjected to physical punishment. To be fair, one of the APD officer did place hands on Bauer.[8] But the Court does not find this singular event coercive (let alone coercive enough to overbear Bauer's will). *See United States v. Carrizales-Toledo*, 454 F.3d 1142, 1153 (10th Cir. 2006) (concluding an unholstered weapon was not threatening); *but see United States v. King*, No. 19-cr-257, 2021 U.S. Dist. LEXIS 227712, at *22 (D. Colo. Nov. 29, 2021) (finding coercion where law enforcement "kicked" and "stomped" defendant).

\* \* \* \* \*

---

[7] "While no factor alone is dispositive, a movant seeking suppression of a confession faces an uphill battle if he was Mirandized." *Ravenell*, 810 F. App'x at 629.

[8] During questioning, the officers told Bauer it was difficult to hear him because his head was leaning down. *See* **Gov. Ex. 1 at 21:00–21:20**. In response, one of the officers grabbed Bauer by his shoulders and leaned him backwards. *See id.* **at 21:20**. In the video, the officer states he placed hands on Bauer to better angle him to communicate. *Id.* **at 21:21–21:40**.

The grabbing of Bauer is troubling. But even if the Court weighed this factor in Bauer's favor, the outcome would not change. That's because the voluntariness vis-à-vis coercion analysis requires a look at the totality of the circumstances. *See United States v. Guillen*, 995 F.3d 1095, 1123 (10th Cir. 2021); *see also United States v. Delgado-Salazar*, 2022 U.S. App. LEXIS 6686, at *4 (10th Cir. Mar. 15, 2022) (unpublished) (noting that one "troubling" factor does not tip the balance).

After considering the totality of the circumstances, the Court finds Bauer's statements were voluntary and not the product of coercion. As such, they are admissible.

## CONCLUSION

The Court concludes the video recording is relevant, probative, and admissible under Rules 401–403 and 801(d)(2)(A). Bauer spontaneously provided incriminating statements to APD prior to his interrogation. These statements, *see* **Gov. Ex. 1 at 3:20–17:10**, are admissible. Additionally, after consideration of the totality of circumstances, the Court comes to the inescapable conclusion that Bauer voluntarily waived his *Miranda* rights and chose to give a statement. *See **id.*** **at 17:58–34:24**. The United States' Motion to preadmit the video recording is, therefore, **GRANTED in part**. *See supra* ¶ I.C. (ruling that **Gov. Ex. 1 at 8:30–12:00** is inadmissible).

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE