# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA**,

      Plaintiff,

  vs.                                                                   Criminal No. 23-464-WJ

**DAVID MICHAEL BAUER**,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S UNOPPOSED MOTION
### TO CONTINUE TRIAL

**THIS MATTER** is before the Court upon Defendant David Michael Bauer's Unopposed[1] Motion to Continue Trial (**Doc. 61**). For the reasons that follow, the Court finds the motion is not well-taken and is therefore **DENIED**.

### BACKGROUND

This case began with the filing of an Indictment on April 11, 2023 (**Doc. 2**). Trial was first set for July 3, 2023 (**Doc. 17**).

On June 30, 2023, defense counsel filed an unopposed motion to vacate the trial setting (**Doc. 19**). That request was granted (**Doc. 20**) and trial was reset for November 6, 2023. Then, on October 26, 2023, defense counsel filed a second unopposed motion to continue (**Doc. 23**). That motion was also granted (**Doc. 24**) and trial was reset for February 5, 2024. On February 2, 2024,

---

[1] The undersigned has commented on the "culture" at the United States Attorney's Office of not getting cases to trial on more than one occasion. *See* **Docs. 147 & 148**, *United States v. Chaco*, No. 21-cr-522 (D.N.M. 2024) (ordering "the Criminal Chief or the First Assistant U.S. Attorney" to attend the hearing and asking the United States why they weren't opposed to a thirteenth continuance). The Court has even written about how it disfavors the United States' practice of not opposing motions to continue. *See United States v. Figueroa-Camarillo*, No. 23-cr-946, 2024 U.S. Dist. LEXIS 128122 (D.N.M. July 19, 2024); *cf. United States v. Roper*, No. 23-cr-1617, 2024 U.S. Dist. LEXIS 161158, at *13–15 (D.N.M. Sept. 6, 2024) (describing the United States acquiescence to repeated continuance requests). This is another such warning.

defense counsel filed a third unopposed motion to continue (**Doc. 25**). The Court granted that request and set trial for May 6, 2024. On May 2, 2024, defense counsel filed a fourth unopposed motion to continue (**Doc. 29**). The Court once again granted this request and reset trial for August 5, 2024 (**Doc. 30**).

Finally (or so the Court thought), on July 30, 2024, defense counsel filed a fifth unopposed motion to continue (**Doc. 31**). In that motion, defense counsel stated, "the logistics of scheduling a definite trial setting and housing Mr. Bauer during trial" meant a "scheduling conference would be prudent." *Id.* **at 3**. Thus, instead of granting and resetting trial, the Court "set a telephonic scheduling conference **to establish a firm trial setting** . . . ." **Doc. 33 at 1** (emphasis added). On August 15, 2024, the Court held a scheduling conference. *See* **Docs. 34 & 36**.

As reflected in the Clerk's Minutes, *see* **Doc. 37**, transporting Bauer raises some logistical issues (due to his confinement at a medical facility). The Marshals explained that transporting Bauer for trial in Albuquerque was doable, though. As such, the Court entered an Order on August 16, 2024, stating that "the above-entitled action is hereby set for a firm **JURY SELECTION/TRIAL ON JANUARY 13, 2025**." **Doc. 38**.

* * *

In the twenty months since this case was filed (**Doc. 2**), defense counsel has requested six continuances. *See* **Docs. 19, 23, 25, 29, 31, 61**. This latest request (**Doc. 61**) comes after the Court docketed a "firm" trial setting—one that is less than a month away. *See* **Docs. 33 & 38**; *cf.* **Doc. 42**. A sixth continuance is not in the interest of justice. The time for trial is now.

**DISCUSSION**

Prior to ruling on a motion to continue, this Court must consider: "(1) the diligence of the party seeking the continuance; (2) the likelihood the continuance, if granted, would have

accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial." *United States v. Cervantes*, 4 F.4th 1089, 1093–94 (10th Cir. 2021); *see also United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993) (listing the same factors). Upon review of these factors, the Court concludes the continuance must be denied.

## I. Bauer Has Not Acted Diligently

At the outset, the Court must consider if Bauer diligently sought this latest continuance. The Court concludes he has not.

For one, this trial has been repeatedly set, continued, and reset. *See United States v. Hannaford*, 2024 U.S. App. LEXIS 16262, at *4–5 (10th Cir. July 3, 2024) (unpublished) (concluding the grating of "four previous continuances" and being provided "six additional months to prepare" weighs against a finding of diligence).

Second, all of Bauer's motions to continue were filed out of time.

- The first Order setting trial (**Doc. 17**) stated that any motion to continue must be filed by "12:00 PM ON JUNE 12, 2023," *Id.* **at 2**. Bauer filed his first motion to continue on June 30, 2023 (**Doc. 19**).

- The first Order resetting trial (**Doc. 20 at 2**) stated that any motions to continue trial must be filed by October 16, 2023. Bauer filed his second motion to continue on October 26, 2023. *See* **Doc. 23**.

- The October 30th Order resetting trial (**Doc. 24**) provided a motion to continue deadline of January 15, 2024. *See id.* **at 2**. Bauer filed his third continuance on February 2, 2024 (**Doc. 25**).

- The February 2nd Order resetting trial (**Doc. 26**) listed a deadline of April 15, 2024, for any continuance requests. *Id.* **at 2**. Bauer filed his fourth continuance request on May 2, 2024—the Thursday before trial started (**Doc. 29**).

- When the Court reset the trial for August 5, 2024, it also imposed a July 15, 2024, deadline for motions to continue (**Doc. 30 at 1–2**). In his fifth motion to continue, Bauer once again moved to continue trial less than a week before jury selection (**Doc. 31**).

- This January 2025 trial date was scheduled in August (**Docs. 37 & 38**). And because the January 2025 trial date was docketed as a firm setting, no continuance deadlines were listed. *See* **Docs. 38 & 42**.

After nearly two years, the Court refuses to believe additional time is needed. *See United States v. Toombs*, 574 F.3d 1262, 1272 (10th Cir. 2009) (explaining a continuance based on "need[ing] additional time to prepare for trial" alone is insufficient). This factor supports the denial of the continuance.

## II. Delay Will Not Accomplish Any Stated Purpose

The stated purposes of this sixth continuance are: (1) allowing Bauer's counsel more time to review discovery, (2) continuing to negotiate a potential plea with the United States, and (3) allowing Bauer to attend medical appointments. The Court does not find these reasons compelling.

Sure, more time to read and review discovery is potentially helpful; but it is not necessary. Current defense counsel has represented Bauer for the entirety of this case (**Doc. 11**).[2] Twenty

---

[2] On two occasions, defense counsel underestimates the amount of time this case has been pending. *See* **Doc. 61 at ¶¶ 4 & 25** (stating counsel has represented Bauer for "seven months" and that this case was indicted "8 months" ago). But counsel has represented Bauer for seventeen months. And this case was indicted eighteen months ago.

months is plenty of time to prepare for trial. *See United States v. Aguilera-Meza*, 329 F. App'x 825, 831 (10th Cir. 2009) (unpublished) ("Here, the district court had granted several motions for continuance . . . [and] by the time the case was finally tried, Aguilera-Meza's counsel had worked on the case for over one year and presumably understood the issues.").

Defense counsel also requests more time to "explore and exhaust new negotiation efforts." **Doc. 61 at 6**. At this stage of the case, providing more time to discuss a potential plea agreement is not a legitimate reason for a continuance. First, the United States is never required to offer a plea. *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain."); *United States v. Contreras*, 108 F.3d 1255, 1272 (10th Cir. 1997); *United States v. Lujan-Lopez*, 616 F. App'x 878, 883 (10th Cir. 2015) (unpublished). And second, there comes a time when a Defendant is required "to make a decision—either plead guilty or go to trial." *United States v. Cano-Varela*, 497 F.3d 1122, 1133 (10th Cir. 2007). As stated above, that time is now.

Of course, the Court agrees Bauer's medical appointments are important. But the continuance does not specify: (1) when in January these appointments are scheduled for, or (2) if they can be rescheduled. *See* **Doc. 61**. Trial is expected to last from January 13–17, 2025. What the pleading omits, though, is whether Bauer's "3 scheduled medical appointments," *id.* **at 6**, are taking place during the week of trial. If they aren't; then this is an improper reason for a

---

Additionally, the Court notes that the firearms "interstate nexus" expert was timely disclosed. *See* **Doc. 46**. Neither this expert nor any evidence disclosed by the United States pursuant to its continuing duty to disclose provide a justification for a continuance.

At the same time, the United States filed a second expert witness notice on December 23, 2024 (**Doc. 59**). The specific remedy for this disclosure is discussed later. *See infra* ¶ V. Suffice it to say, though, a continuance is not necessary.

continuance. But even if Bauer's appointments are scheduled during those five days, they could ostensibly be moved.[3]

Instead of continuing trial, the Court can set status conferences to ensure Bauer is available for Zoom or Teams video calls. The undersigned can also make the courtroom available for defense counsel to meet with Bauer. There are many ways to provide Bauer and his counsel with more time to prepare for trial without continuing this case.

This factor also favors denial.

**III. Inconvenience to Opposing Party, Witnesses, and the Court**

For the sixth time in eighteen months, defense counsel filed a motion to continue. Although the United States remains unopposed, the Court takes issue with this request.[4]

This Court has a busy docket. There are firm settings for jury trials in January, February, March, April, May, and June. *See Cervantes*, 4 F.4th at 1094 (finding that the district court's full calendar weighed against the continuance); *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007) (explaining a district court has "wide latitude" when balancing continuances against the "demands of [the court's] calendar"). Given the scheduling constraints, Bauer's requested continuance might result in a fall 2025 trial.[5] *See United States v. McClaflin*, 939 F.3d 1113, 1118

---

[3] Again, this trial setting has been on the books since August. So, the Court is perplexed as to why a continuance is needed for medical appointments that were scheduled during the week of trial when everyone has known about the trial date.

[4] Litigants can agree to many things. But the fact a motion is "unopposed" does not mean this Court *must* grant it. *See, e.g., United States v. Penuelas-Gutierrez*, 774 F. App'x 493, 498 (10th Cir. 2019) (unpublished) (finding it was not an abuse of discretion to deny an unopposed motion to continue); *United States v. Wiley*, 2024 U.S. App. LEXIS 2439, at *6 (5th Cir. Feb. 2, 2024) (unpublished) ("[A] court is not required to grant every unopposed motion." (citation omitted)).

[5] This Court's calendar is not a legitimate reason *for* granting a continuance. 18 U.S.C. § 3161(h)(7)(C). At the same time, however, when a busy calendar implicates Defendant's speedy trial rights—the Court *can* consider its docket when denying the continuance. *See, e.g., United States v. Andrews*, 790 F.2d 803, 808 (10th Cir. 1986); *Toombs*, 574 F.3d at 1269; *United States v. Herrera*, 51 F.4th 1226, 1280 (10th Cir. 2022); *United States v. Keith*, 61 F.4th 839, 851 (10th Cir. 2023).

(10th Cir. 2019) (finding the inconvenience to witnesses, victims, and the trial court were all appropriate considerations). Such a lengthy continuance is not in the interest of justice.

Moreover, counsel waited until two weeks prior to the commencement of trial before filing the motion to continue. During the build-up to trial, all but one of the deadlines for trial filings and submissions passed. The United States timely filed motions in limine, exhibit and witness lists, and jury instructions. Bauer filed nothing. The Court has diligently ruled on the pending motions. A further continuance would reset all deadlines and effectively negate the preparatory work for trial that has been done—to the detriment of both the Court and the United States.

No doubt, every continuance granted "on the eve of trial inevitably will disrupt the schedules of the court, the opposing party, and the witnesses." *Cervantes*, 4 F.4th at 1094 (quoting *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990)). Given the five other continuances, the Court's Order setting this trial for a firm setting (**Docs. 33, 37, 38, 42**), and the Court's calendar, this factor weighs heavily against granting the continuance.

## IV. Denying the Continuance Does Not Harm Bauer

As mentioned above, the purpose of the continuance is to provide Bauer—and counsel—with more time to review discovery and try to negotiate a plea. But granting a sixth continuance causes the Court concern.

First, rescheduling this case for trial will be a daunting task. And this Court's congested docket cannot usurp Bauer's speedy trial rights. *See Herrera*, 51 F.4th at 1280 (noting the tension between continuances and speedy trial and finding the "district court acted reasonably in declining to grant a fourth continuance"). This is only the first problem.

Second, this case is not unusual or complex. Granting a sixth continuance would mean a trial date more than two years after Indictment. The § 3161 factors do not support this course of

action. Plus, denying this sixth continuance request will not result in a miscarriage of justice. Nor will it impede counsel's ability to effectively prepare.[6]

Third, the Court concludes defense counsel did not articulate any specific hardship that would result from denying the continuance. Rather, counsel (generically) claims to need more time to prepare. This is not compelling. *See, e.g., United States v. Barnes*, 620 F. App'x 668, 671 (10th Cir. 2015) (unpublished) (finding Defendant "provided the Court with zero compelling reasons" to support a continuance); *United States v. Schurrer*, 1998 U.S. App. LEXIS 21009, at *16 (10th Cir. Aug. 26, 1998) (unpublished) (finding a fourth continuance unnecessary); *United States v. Hannaford*, 2024 U.S. App. LEXIS 16262, at *4 (10th Cir. July 3, 2024) (unpublished) (finding no abuse of discretion when the district court denied a fifth motion to continue).

Finally, the Court must balance the need to prepare for trial with the need for a speedy trial. After a certain point, repeated continuances become harder and harder to square with a criminal defendant's speedy trial rights.[7] All that to say, the Court believes that granting this sixth continuance request would be more prejudicial to Bauer (by way of his speedy trial rights) than the denial would be to trial preparation. *See supra* ¶ II.

* * * * *

Bauer's desire for more time to: (1) prepare for trial, and (2) try to negotiate a plea are an inadequate basis for a continuance. *Toombs*, 574 F.3d at 1272.

---

[6] Again, Bauer's current defense counsel has represented him for the entirety of this case. Eighteen months is long enough to prepare for a robbery, carjacking, and firearms case.

[7] On this point, the Court need not (and does not) draw a line in the sand. Logically, though, a fifth or sixth continuance implicates a Defendant's speedy trial rights more often than the first or second motion to continue. "[C]ontinuances, particularly if they are repeated, work against the important values implicit in the constitutional guarantee of a speedy trial." *Groppi v. Wisconsin*, 400 U.S. 505, 510 (1971).

## V. Remedy for the Late Disclosed Expert

Defense counsel's requested continuance relies, in part, on the United States' disclosure of a DNA expert. Defense counsel claims this new witness warrants a continuance. The Court disagrees.

Here, the Court pays particular attention to the case of *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). There, the Tenth Circuit listed three factors to be considered in imposing a discovery sanction against the United States in a criminal case. They are: (1) the reasons the United States delayed producing the requested materials; (2) the extent of prejudice to the defendant as a result of the United States' delay; and (3) the feasibility of curing the prejudice with a continuance. *Id.*

No doubt, Ms. Conway was not timely disclosed. *Compare* **Doc. 42** (setting expert disclosure date of October 14th), *with* **Doc. 59** (disclosing expert on December 23rd). But this doesn't paint a full picture. In Bauer's motion, defense counsel acknowledges she was aware of the DNA evidence in early November. *See* **Doc. 61 at ¶ 11** ("On November 6, 2024, the government disclosed a new DNA search warrant that was being executed on Mr. Bauer.").[8] As such, Bauer was aware of a would-be DNA expert before the Rule 16 disclosure. This brings the instant case into the realm of *United States v. Charley*, 189 F.3d 1251 (10th Cir. 1999). In *Charley*, the United States timely notified defense that it would call certain witnesses (although it failed to provide proper Rule 16 summaries). Like *Charley*, then, Ms. Conway was an anticipated witness well before her December 23, 2024, Rule 16 disclosure (**Doc. 59**). *See* **Doc. 54** (listing witnesses and including Ms. Conway); *see also* **Doc. 61 at ¶ 11**. The first *Wicker* factor favors admission.

---

[8] The fact the United States informed defense counsel about prospective DNA evidence means there is no evidence of bad faith. This further supports the Court's decision to deny a continuance and permit the expert's testimony.

Next, the Court looks at how Bauer will be prejudiced.[9] Just because the expert was disclosed a month late does not mean there is prejudice. But even assuming Bauer is prejudiced, the Court concludes any such prejudice minimal—especially in light of his confession in the video recording. *See* **Doc. 53**. Admission is appropriate under the second *Wicker* factor and no continuance is warranted. *Cf. United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999) (explaining the sanction of excluding expert testimony is almost never imposed).

Finally, a continuance does not help Bauer. The DNA expert simply corroborates Bauer's confession. Providing Bauer with more time to rebut evidence that defense counsel knew existed would accomplish very little. *See supra* ¶¶ I–IV. The Court's conclusion that no sanction is necessary for the late-disclosed expert makes sense—as "[f]requently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." 2 CHARLES ALAN WRIGHT, *Federal Practice and Procedure* § 260, at 121–22 (1982).

Ms. Jerrilyn Conway will be permitted to testify. The *Wicker* factors support admission of her testimony despite her late disclosure. And a continuance would not accomplish any stated purpose. Of course, the Court will allow the parties to further develop the record at the pretrial conference (if desired).

## CONCLUSION

Denying Bauer's sixth request for a continuance does not deprive him of "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Nor does this decision result in a miscarriage of justice. *Id.* at § (h)(7)(B)(i)–

---

[9] The United States' witness list was timely filed and included the DNA expert (**Doc. 54**). That means defense counsel knew well in advance of trial who is going to testify. The Court is hard-pressed to identify any particular prejudice from the United States' untimely disclosure.

To the extent defense counsel wants more time to "entertain the possibilit[y]" of retaining a DNA expert, **Doc. 61 at 4**, the Court is unmoved. If defense counsel needs an extended recess prior to cross-examination, the Court will certainly accommodate.

(ii). Finally, Bauer's desire for a continuance does not "outweigh the best interest" of his right to a speedy trial. *Id.* at § (h)(7)(A).

      **IT IS THEREFORE ORDERED** that the Unopposed Motion to Continue (**Doc. 61**) is **DENIED**. Trial will begin as scheduled on January 13, 2025.

/s/

_____

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE