IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                                                                       No. 23-cr-464-WJ

**DAVID MICHAEL BAUER**,

    Defendant,

## MEMORANDUM OPINION AND ORDER
## RESERVING RULING ON ADMISSION OF 911 CALLS

**THIS MATTER** is before the Court upon the United States' Motion to Admit 911 Calls (**Doc. 77**) and Defendant Bauer's Response (**Doc. 89**). For the reasons explained below, the Court **RESERVES RULING** on the admissibility of the calls.

### LEGAL STANDARD

The Sixth Amendment's Confrontation Clause bars the admission of "testimonial hearsay statements." *United States v. Goodman*, 827 F. App'x 826, 831 (10th Cir. 2020) (unpublished) (citing *Crawford v. Washington*, 541 U.S. 36, 68–69 (2004)). This prohibition applies only to testimonial hearsay—meaning "that two-word phrase" contains "two limits." *Smith v. Arizona*, 602 U.S. 779, 785 (2024). First, is the statement testimonial? Second, is the statement hearsay? If both are "no," then the statement is admissible. *See Michigan v. Bryant*, 562 U. S. 344, 358, 359 (2011) (statements made to police "to meet an ongoing emergency" were "not procured with a primary purpose of creating an out-of-court substitute for trial testimony").

At step one, a court must determine whether a particular statement is testimonial or non-testimonial based on its primary purpose. What is the dividing line between "testimonial" and "non-testimonial"? In *Davis v. Washington*, 547 U.S. 813, 822 (2006), the Supreme Court

explained:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

For its part, the Tenth Circuit defined a testimonial statement as "a statement that a reasonable person in the position of the declarant would objectively foresee might be used in the investigation or prosecution of a crime." *United States v. Pablo*, 625 F.3d 1285, 1291 (10th Cir. 2010).

If it is determined that the offered statements are non-testimonial, then the Confrontation Clause is not implicated—and the statement must only clear the hurdles presented by the evidentiary rules.

As for the second step regarding "hearsay," *see Smith*, 602 U.S. at 785, a court analyzes whether there are any applicable hearsay exceptions. *Cf.* Fed. R. Evid. 801 & 802. When a statement is admitted for a reason unrelated to its truth, the Clause's "role in protecting the right of cross-examination" is not implicated. *Tennessee v. Street*, 471 U. S. 409, 414 (1985). An excited utterance is one such hearsay exception. *See* Fed. R. Evid. 803(2).

Of course, 911 calls are not automatically admissible. *See United States v. Pursley*, 577 F.3d 1204, 1223–24 (10th Cir. 2009). Rather, 911 calls are admissible if: (1) non-testimonial, and (2) not hearsay. *See, e.g., United States v. Mendez*, 514 F.3d 1035, 1043–46 (10th Cir. 2008); *United States v. Robinson*, 304 F. App'x 746, 451 (10th Cir. 2008) (unpublished); *United States v. Lovato*, 950 F.3d 1337, 1341–47 (10th Cir. 2020).

## DISCUSSION

Here, the United States seeks a pretrial ruling on the admissibility of "some 911 calls placed by witnesses" (**Doc. 77 at 1**)—explaining the calls qualify as excited utterances. *See **id.* at 4–5**.

But these calls were not lodged with the Court. Instead, the United States wants the Court to rely on generalizations of the calls, such as:

- "[S]everal people called 911 to report what happened." **Doc. 77 at 1**;

- "A.B. and R.C., as well as a customer" called 911 (*id.*); and

- "A.G., called 911 and reported that a suspect matching the defendant's description had attempted to carjack him and his City Waste coworker at gunpoint in the rear parking lot of the Best Western Hotel." *Id.* **at 2**.

According to Defendant Bauer, the United States' failure to "specify which calls or which portions it intends to introduce" preclude admission. **Doc. 89 at 1**. The Court agrees—conducting an admissibility analysis is purely academic without the recordings or a transcript.

\* \* \*

Currently, the Court has almost zero information to rely upon when analyzing if the statements in the 911 calls are testimonial or non-testimonial. As for the hearsay exception piece, the Court declines to decide if declarants are sufficiently excited, startled, or stressed without hearing the audio. "There is no precise amount of time between the event and the statement beyond which that statement cannot qualify as an excited utterance. Admissibility hinges on a statement's contemporaneousness with the excitement a startling event causes, not the event itself." *United States v. Magnan*, 863 F.3d 1284, 1292–93 (10th Cir. 2017) (quoting *United States v. Smith*, 606 F.3d 1270, 1279 (10th Cir. 2010)).

If the statements in the 911 recordings are non-testimonial, then the Confrontation Clause is not implicated and the only bar to admission is the rule against hearsay. That being said, excited utterances are undoubtedly a recognized exception to that very rule.

Aside from reciting this legal standard, though, the Court declines to wade any deeper—as

3

doing so would result in the issuance of an advisory opinion.

## CONCLUSION

For the reasons outlined above, the Court **RESERVES RULING** on the admissibility of the 911 calls (based on the current record). The Court will reconsider ruling on pretrial admissibility if the United States supplements the record—*i.e.*, lodges the exhibits.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE